## Case No. 17,343.

WEBSTER LOOM CO. v. SHORT et al.

[10 O. G. 1019.]

Circuit Court, D. New Jersey. Dec. 19, 1876.

EQUITY PRACTICE—CROSS BILL—NOTICE. .

[A cross bill should be stricken from the files, if filed without notice to the solicitor of the defendant.]

The Webster Loom Company, a corporation created under the laws of the state of New York, filed its bill for an infringement of a patent. It made a New Jersey corporation and two of its directors and trustees defendants. It alleged that the two individual defendants had formerly owned the infringing looms as co-partners, and, as such, that they had taken a license from the plaintiff, where-by they had agreed to pay a certain royalty per day on each loom, and that such license established the measure of damages as against all the defendants. [James] Short and [George] Whittaker answered, and then filed a cross bill, asking that the plaintiff might be decreed to surrender the license for cancellation. The Webster Loom Company, being a New York corporation, could not be found in the district of New Jersey to be served with process, and thereupon Short and Whittaker entered an order for publication, and for its service in New York on the plaintiff as an absent defendant, requiring it to appear and plead, answer, or demur to the cross bill within a time specified. The Webster Loom Company moved to set aside this order, and to strike the bill from the files, upon the ground that the order of publication had been improperly obtained, and without notice, and that no leave to file the cross bill had been granted. It cited: Miles v. Bacon, 4 J. J. Marsh. 457; Garner v. Beaty, 7 J. J. Marsh. 223; Eckert v. Bauert [Case No. 4,266]; Ward v. Seabrey [Id. 17,161]; Bronson v. La Crosse, 2 Wall. [69 U. S.] 293; Sawyer v. Sawyer, 3 Paige. 263; Smith v. Hibeernian, 1 Schoales & L. 238; Elliott v. Millett, 1 Hogan, 125; French v. Dear. 5 Ves. 547, 550; Wartnaby v. Wartnaby, Jac. 377; Blake v. Smith, Younge, 596; Story, Eq. Pl. § 66, 2 Daniell, Ch. Prac. p. 1410; and Holderness v. Rankin, 2 De Gex, F. & J. 258.

NIXON, District Judge. The motion in this case is to strike the cross bill from the files of the court on the ground that it was filed without notice to the solicitor of the defendants. As there is no proof or suggestion of notice, the motion must prevail. The rule is clear upon this point, for the reason that such a bill is of great value to the defendant in the original suit. not only in giving him a discovery which may enable him better to defend, but also in giving him jurisdiction over a non-resident complainant by directing him to appear, by solicitor, when no subpœna can be served. There is no law which authorizes an order of publication in suits of this nature, and the order was improvidently taken. The defendant is entitled to an order that the bill be taken from the files of the court.